UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EVANSTON INSURANCE COMPANY** § | **CIVIL ACTION NO.:** |
| § | **2:17-CV-01031-RRS-KK** |
| § | |
| **VERSUS** § | **JUDGE:  ROBERT R. SUMMERHAYS** |
| § | |
| **RICELAND PETROLEUM COMPANY** § | **MAGISTRATE:  KATHLEEN KAY** |

**RICELAND PETROLEUM COMPANY'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGEMENT**

The instant Memorandum is submitted on behalf of Defendant, Riceland Petroleum Company ("Riceland"), in opposition to the Motion for Summary Judgment filed by Plaintiff, Evanston Insurance Company ("Evanston"), in the above-entitled and captioned matter, seeking a ruling the Evanston has no duty to defend or indemnity Riceland for the claims asserted against Riceland by Van Geffen Bros., LLC, et al. ("*Van Geffen* Plaintiffs" in the underlying claims also referred to as "*Van Geffen* lawsuit"). Despite Evanston's efforts to complicate the matter, the question before the Court is very straight-forward: in comparing the allegations of the *Van Geffen* Plaintiffs against Riceland to the Evanston insurance policies, can Evanston conclusively establish that its policies unambiguously exclude coverage for ***all*** claims asserted against Riceland?  As set forth more fully below, Evanston cannot do so, as the *Van Geffen* Plaintiffs allege claims that are potentially within coverage of the Evanston policies.  Therefore, Defendants respectfully submit that Evanston's Motion for Summary Judgment lacks merit and thus, should be denied.

**Respectfully Submitted,**

**LAW OFFICE OF STEPHEN D. BAKER**


BY: <u>*Stephen D. Baker*</u>
      **STEPHEN D. BAKER (#2705)**
      412 West University Ave., Suite 101
      Lafayette, Louisiana 70506
      Telephone:  337.235.8298
      Facsimile:   337.235.8307
      Email:       sdbaker10@hotmail.com

**ATTORNEY FOR RICELAND PETROLEUM COMPANY**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iv

I.   STATEMENT ........................................................................................................... 1

II.  SUMMARY JUDGMENT STANDARD ................................................................. 2

III. LAW AND ARGUMENT ......................................................................................... 2

    A.  The Policies Unambiguously Provide Property Damage
        and Personal Injury Coverage to Riceland for the
        *Van Geffen* Plaintiffs' Claims ........................................................................... 2

    B.  The Pollution Exclusions in the Evanston Policies
        Do Not Unambiguously Exclude Coverage ........................................................ 4

    C.  "Coverage D. Bodily Injury and Property
        Damage – Oil and Gas Limited Pollution"
        Endorsement Applies to Provide Coverage for
        the *Van Geffen* Plaintiffs' Claims ..................................................................... 9

    D.  The Pollution Exclusions Contained in the
        Policies are Not Triggered for All of the
        *Van Geffen* Plaintiffs' Claims ......................................................................... 11

    E.  The Oil and Gas Industries Policies Include
        Coverage for Underground Resources and
        Equipment Coverage ......................................................................................... 12

    F.  The "Damage to Property Exclusion" Does
        Not Apply to Claims of Personal Injury ........................................................... 13

IV. CONCLUSION ....................................................................................................... 13

# **TABLE OF AUTHORITIES**

**CASES:**

*Alert Centre, Inc. v. Alarm Protection Servs., Inc.*,
967 F.2d 161 (5th Cir. 1992) ………………………………………………………………..…11

*American Home Assurance Company v. Czarniecki*,
230 So.2d 253 (1969) …………………………………………………………………….…….4

*Blackburn v. National Union Fire Ins. Co. of Pittsburgh*,
00–2668 (La. 04/03/01), 784 So.2d 637……………………………………………..……….3

*Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*,
530 F.3d 395 (5th Cir. 2008) ……………………………………………..……………….2

*Doerr v. Mobile Oil Corp.*,
00-0947 (La. 12/19/00), 774 So.2d 119,
*opinion corrected on reh'g*, 00-0947 (La. 3/16/01), 782 So.2d 573……………………………… 8, 9

*Garcia v. Saint Bernard Parish Sch. Bd.*,
576 So.2d 975 (La. 1991) …………………………………………………………………….3, 11

*Gaylord Chemical Corp. v. ProPump, Inc.*,
98-2367 (La. App. 1 Cir. 2/18/00), 753 So.2d 36………………………………………………..3

*Int'l Shortstop, Inc. v. Rally's, Inc.*,
939 F.2d 1257 (5th Cir. 1991) ……………………………………………………………….2

*Jackson v. Lajaunis*,
292 So.2d 255 (La. Ct. App. 4th Cir. 1974) …………………………………………………….4

*Lodwick, L.L.C. v. Chevron, U.S.A., Inc.*,
48, 312 (La. App. 2nd Cir. 10/2/13), 126 So.3d 544, 551……………………………………..9

*Maggio v. Manchester Ins. Co*,
270 So.2d 859 (La. 1972) ……………………………………..……………………...……………11

*Montgomery Elevator Co. V. Building Eng'g Servs. Co.*,
730 F.2d 377, 382, (5th Cir. 1984)……………………………………………………………….4

*Oxner v. Montgomery*,
34,727 (La. App. 2d Cir. 8/1/01), 794 So.2d 86………………………………………………3, 11

*Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co., Ltd.*,
757 So.2d 805 (La. Ct. App. 5th Cir.  2000)…………………..…………………………………11

*Succession of Fannaly v. Lafayette Ins. Co.*,
01-1144 (La. 1/15/02), 805 So.2d 1134……………………………………………………….…2, 3, 11

*Vaughn v. Franklin*,
00-291 (La. App. 1 Cir.), 785 So.2d 79,
*writ denied*, 01-1551 (La. 10/05/01), 798 So.2d 969……………………………………………….4

**STATUTES:**

Federal Rules of Civil Procedure rule 56(a)……………………………………………………2

La. Civ. Code art. 2045……………………………………………………………………….2

La. Civ. Code art. 2046……………………………………………………………………….3

La. Civ. Code art. 2047……………………………………………………………………….3

La. Civ. Code art. 2050……………………………………………………………….………3

La. Civ. Code art. 2056……………………………………………………………………….3

v

**RICELAND PETROLEUM COMPANY'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGEMENT**

**I.     STATEMENT**

The instant declaratory judgement action arises from a Petition for Damages filed against Riceland and other oil and gas companies by Van Geffen Bros., LLC and other plaintiffs ("*Van Geffen* Plaintiffs") in the 31st Judicial District Court, Jefferson Davis Parish, Louisiana ("*Van Geffen* lawsuit"), alleging pollution and environmental contamination caused by the various defendants' oil and gas exploration and production activities on their properties. (R. Doc. 20-7).  In connection with the *Van Geffen* lawsuit, Riceland tendered a demand to Evanston for defense and indemnity with respect to the *Van Geffen* Plaintiffs' claims.   To that end, Evanston issued Oil and Gas Industries Liabilities Policies Nos. 00GLP5000094 (R. Doc. 20-3) and 01GLP5000251 (R. Doc. 20-4), to Riceland for the policy periods of March 21, 2000 through March 21, 2001, and March 21, 2001 through March 21, 2002, respectively.   Evanston also issued Commercial Umbrella Liability Policy Nos. CU-ER-1059-00 (R. Doc. 20-5), and CU-ER-1166-01 (R. Doc. 20-6), to Riceland for the policy periods of March 21, 2000 through March 21, 2001, and March 21, 2001 through March 21, 2002, respectively.

Evanston filed the subject declaratory action in this Court, seeking a declaration that it has no duty to defend or indemnity Riceland in the *Van Geffen* lawsuit. (R. Doc. 1).  Riceland thereafter filed a counterclaim in the matter, requesting the Court order Evanston to provide Riceland with a legal defense and for Evanston to indemnify Riceland for any liability assessed against Riceland in the *Van Geffen* lawsuit. (R. Doc. 6).  Evanston then filed the subject Motion for Summary Judgment, arguing that there are no genuine issues of material fact, to which Riceland now opposes.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[2]  If the dispositive issue would require the moving party to bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[3]  The motion may then be defeated by the nonmoving party by either countering with evidence sufficient to demonstrate a genuine dispute of material fact or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[4]

## III.    LAW AND ARGUMENT

### A.    The Policies Unambiguously Provide Property Damage and Personal Injury Coverage to Riceland for the *Van Geffen* Plaintiffs' Claims

The *Van Geffen* Plaintiffs allege property damage as a result of Riceland's oil and gas exploration and activities.  The *Van Geffen* Plaintiffs further allege that they sustained damages due to Riceland's injury to their property and Riceland's trespass/continuing nuisance to the *Van Geffen* Plaintiffs themselves (personal injury).  The *Van Geffen* Plaintiffs' claims implicate damages in the form of both property damage and personal injury as defined under the Evanston policies.

In Louisiana, the extent of coverage under an insurance contract is dependent on the common intent of the insured and insurer.[5]  Words in an insurance contract must be ascribed their generally

---

[1] Federal Rules of Civil Procedure rule 56(a).
[2] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[3] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[4] *Id.* at 1265.
[5] La. C.C. art. 2045; *Succession of Fannaly v. Lafayette Ins. Co.*, 01-1144, 1343, 1355, 1360 (La. 1/15/02), 805 So.2d 1134.

prevailing meaning unless the words have acquired a technical meaning.[6] An insurance contract is to be construed as a whole and each provision interpreted in light of the other provisions.[7] When the words of the insurance contract are clear and explicit and lead to no absurd consequences, courts must enforce the contract as written.[8] If ambiguity remains after applying the general rules of contract interpretation to an insurance contract, the ambiguous contractual provision is interpreted *against* the insurer who furnished the contract's text and in favor of the insured.[9] If the language of the exclusion is subject to two or more reasonable interpretations, the interpretation that favors coverage must be applied.[10] Exclusionary provisions in insurance contracts are strictly construed against the insurer and any ambiguity is construed in favor of the insured.[11] Additionally, the insurer has the burden of proving that a loss comes within a policy exclusion.[12] Thus, Evanston has the sole burden of establishing the applicability of policy exclusions.

As set forth above, the *Van Geffen* Plaintiffs' claims include purported migration of substances from the various defendants' oil and gas exploration and production activities onto their property, causing both alleged physical injury to tangible property, loss of use of tangible property, constituting "property damage" and "personal injury" under the Evanston policies. Particularly, the *Van Geffen* Plaintiffs' claims of nuisance and trespass, constituting "wrongful entry or wrongful eviction" and/or "invasion of the right of private occupancy of premises" committed by Riceland, are clearly claims of personal injury as defined under the Evanston policies. Both property damage and personal injury being covered claims, Evanston's duty to defend arose.

---

[6] La. C.C. art. 2047; *Succession of Fannaly*, supra.
[7] La. C.C. art. 2050; *Succession of Fannaly*, supra.
[8] La. C.C. art. 2046; *Succession of Fannaly*, supra; *Gaylord Chemical Corp. v. ProPump, Inc.*, 98-2367 (La. App. 1st Cir. 2/18/00), 753 So.2d 349.
[9] La. C.C. art. 2056; *Succession of Fannaly*, supra; *Oxner v. Montgomery*, 34,727, 34,766 (La. App. 2d. Cir 8/1/01), 794 So.2d 86, *writ denied*, 01-2489 (La. 12/7/01), 803 So.2d 36.
[10] *Garcia vs. St. Bernard Parish School Bd.*, 576 So.2d 975 (La. 1991).
[11] *Garcia vs. St. Bernard Parish School Bd.*, 576 So.2d 975 (La. 1991); *Oxner v. Montgomery*, supra; *Gaylord Chemical Corp. v. ProPump, Inc.*, supra.
[12] *Blackburn v. Nat'l Fire Ins. Co. of Pittsburgh*, 00-2668 (La. 4/3/01); 784 So.2d 637.

      B.      <u>**The Pollution Exclusions in the Evanston Policies Do Not Unambiguously Exclude Coverage**</u>

Whether a liability insurer has a duty to defend a civil action against its insured is determined by application of the "eight-corners rule" pursuant to which an insurer must look to the "four corners" of the plaintiff's petition and the "four corners" of its policy to determine whether it owes that duty.[13] The insurer's duty to defend suits brought against its insured is determined by the factual allegations of the injured plaintiff's petition with the insurer being obligated to furnish a defense unless it is clear from the petition that the policy unambiguously excludes coverage.[14]

Assuming the factual allegations of the petition are true, if there could be both (1) coverage under the policy, and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit.[15] Additionally, the factual allegations of the petition are to be liberally interpreted in determining whether they set forth grounds which bring the claim within the scope of the insurer's duty to defend the suit brought against its insured.[16] It is well-settled under Louisiana law that the allegations of fact, not conclusions, contained in a plaintiff's petition determine the obligation to defend.[17] Most importantly, if a complaint alleges a single claim against an insured that is covered by the policy, then the insurer must defend the entire lawsuit, even though some claims may clearly be excluded from coverage.[18]

As established above, the duty to defend is based on two elements, *i.e.*, plaintiff's petition and the policy. As set forth in the Memorandum in support of Evanston's Motion for Summary Judgment, the primary policies provide the following insuring agreement:

---

[13] *Vaughn v. Franklin*, 785 So.2d 79 (La. Ct. App. 1st Cir. 2001), *writ denied*, 01-1551 (La. 10/05/01), 798 So.2d 969.
[14] *American Home Assurance Company v. Czarniecki*, 230 So.2d 253 (1969).
[15] *Id.*
[16] *Id.*
[17] *Jackson v. Lajaunis*, 270 So.2d 859 (La. 1972).
[18] *Montgomery Elevator Co. V. Building Eng'g Servs. Co.*, 730 F.2d 377, 382, (5th Cir. 1984).

**SECTION I - COVERAGES**

**COVERAGE A. <u>BODILY INJURY AND PROPERTY DAMAGE LIABILITY</u>**

1) **INSURING AGREEMENT**

   A) We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"[19] or "property damage"[20] to which this insurance applies. We will have the right and duty to defend any 'suit' seeking those damages. We may at our discretion investigate any "occurrence"[21] and settle any "claim" or "suit" that may result. But:

   (1) The amount we will pay for damages is limited as described in **LIMITS OF INSURANCE (SECTION III)**; and

   (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A., B. or D. or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS-COVERAGES A., B. and D.**

   B) This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an occurrence that takes place in the "coverage territory"[22]; and

   (2) The "bodily injury" or "property damage" occurs during the policy period.

   C) Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

   \* \* \*

---

[19] "Bodily injury" means "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. 'Bodily injury' also includes disability, mental anguish, mental injury, shock or fright resulting in or from otherwise covered 'bodily injury.'" R. Doc. 20-3 and 20-4.

[20] "Property damage" means "A) physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or B) Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it." R. Doc. 20-3 and 20-4.

[21] "Occurrence" means "an accident, including continuous repeated exposure to substantially the same general harmful conditions." R. Doc. 20-3 and 20-4.

[22] "Coverage territory" means "anywhere in the world; provided, however, if such suit is brought in the United Stated, its territories or possessions or in Canada." R. Doc. 20-3 and 20-4.

**2) EXCLUSIONS**

This insurance does not apply to:

\* \* \*

**F) POLLUTION**

(1) "Bodily Injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants."

(2) Any loss, cost or expense arising out of any:

(a) request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to, or assess the effects of "pollutants"; or

(b) claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants".

\* \* \*

The Umbrella Policies provide:

## SECTION I - INSURING AGREEMENTS
### Occurrence and Claims-Made Coverage

A.  This insurance applies to "bodily injury," "property damage,"....written on an "occurrence" basis, but only if:

1.  The "bodily injury" or "property damage" was caused by an "occurrence,"...;

2.  The "occurrence" or "offense" took place in the "coverage territory," and

3.  The "bodily injury," "property damage,"...occurred during the policy period of this policy.

\*\*\*

It is agreed that:

\*\*\*

3. "Property damage" that is loss of use of tangible property that is not physically injured or destroyed shall be deemed to occur at the time of the "occurrence" that caused it.

\*\*\*

**Coverage A - Bodily Injury and Property Damages Liability**

A.   Insuring Agreement

We will pay on behalf of the insured for that portion of "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies, but only up to the Limits of Insurance stated in Item 3. of the Declarations. No other obligations or liability to pay sums or performed acts or services is covered unless explicitly provided for under SECTION II-DEFENSE AND SUPPLEMENTARY PAYMENTS-COVERAGE A and B.

\*\*\*

**POLLUTION ENDORSEMENT – FOLLOWING FORM**

It is hereby agreed that exclusion 1., Section I., Coverage A and B – Policy Exclusions, is deleted in its entirety and replaced by the following:

1. Bodily injury, property damage, personal injury or advertising injury out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants; or

2. Any loss, cost or expense arising out of any:

   a. request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

   b. claim or suit or on behalf of any person, organization or governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, or neutralizing, or in any way responding to, or assessing the effects of pollutants.

This exclusion does not apply to bodily injury, property damage, personal injury or advertising injury if such liability is covered by underlying insurance shown in the schedule below for the full limit shown and then only for such liability for which coverage is provided.

"Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste derived from any source, and including but not limited to petroleum derivative products which contaminate, pollute

and/or defile any physical substance or matter. Waste includes materials to be recycled, reconditioned, reclaimed or disposed of.

* * *

The Supreme Court of Louisiana addressed the application of a pollution exclusion in *Doerr vs. Mobil Oil Corporation*,[23] which held that the applicability of a pollution exclusion must be determined considering the following three, fact-intensive issues:

> (1) Whether the insured is a "polluter" within the meaning of the exclusion;
> (2) Whether the injury-causing substance is a "pollutant" within the meaning of the exclusion; and
> (3) Whether there was a "discharge, dispersal, seepage, migration, release, or escape" of a pollutant by the insured within the meaning of the exclusion.[24]

Under *Doerr*, courts applying Louisiana law must distinguish between active polluters and other businesses which might incidentally cause pollution in their business operations, which requires a fact-based determination of "the nature of the insured's business, whether that type of business presents a risk of pollution," as well as many other factors.[25] Other than the allegations of the *Van Geffen* Plaintiffs that Riceland engaged in oil and gas exploration, Plaintiff points to no evidence in the record on the nature of Riceland's business. As such, a genuine issue of material fact exists as to whether Riceland would qualify as a "polluter," and summary judgment must be denied on this issue alone.

Similarly, a court's determination of whether the injury-causing substance(s) are considered "pollutants" is a fact-intensive investigation, which is not subject to summary disposition on the pleadings or record in this case.[26] Finally, under the third prong of the *Doerr* test, there must be a determination of "whether there was a 'discharge, dispersal, seepage, migration, release, or escape' of a pollutant by the insured within the meaning of the policy." This is also a fact-based inquiry, which must

---

[23] *Doerr vs. Mobil Oil Corporation*, 2000-0947 (La. 12/19/00), 774 So.2d 119, *opinion corrected on reh'g*, 00-0947 (La. 3/16/01), 782 So.2d 573.
[24] *Id.* at 135.
[25] *Id.* at 135-136.
[26] *Id.*

determine whether the discharge was intentional or negligent, the amount of the injury-causing substance discharged, and other relevant factors, which is also not subject to summary disposition on the very limited record in this case.[27]  Substantial questions remain as to which party or entity actually "discharged."

In addition to the foregoing, the case cited by Evanston, *Lodwick, L.L.C. v. Chevron, U.S.A., Inc.*, is distinguishable on numerous grounds, most critically because the court examined the policies of three different insurers and in comparison to the plaintiffs' claims, found no personal injury coverage was alleged as there existed no claim that the operations causing injury took place on plaintiffs' property or that the plaintiffs were seeking "surface-related disturbances."[28]  Unlike the claims in *Lodwick*, the *Van Geffen* Plaintiffs claim to be owners of the property where the operations occurred and seek surface-related damages.[29]  Thus, summary judgment is inappropriate.

### C. "Coverage D. Bodily Injury and Property Damage – Oil and Gas Limited Pollution" Applies to Provide Coverage for the *Van Geffen* Plaintiffs' Claims

Evanston argues that the "Coverage D. Bodily Injury and Property Damage – Oil and Gas Limited Pollution" Endorsement[30] does not apply to the *Van Geffen* Plaintiffs' claims because the provisions within the Endorsement were not met.  To that end, the endorsement provides:

> **COVERAGE D. BODILY INJURY AND PROPERTY DAMAGE – OIL AND GAS LIMITED POLLUTION**
>
> 1. **INSURING AGREEMENT**
>
>    A) We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" included within the "pollution liability hazard" to which this insurance applies.  We will have the right and duty to defend any suit seeking those damages.  We may, at our discretion,

---

[27] *Id.*
[28] *Lodwick, L.L.C. v. Chevron, U.S.A., Inc.*, 48, 312 (La. App. 2nd Cir. 10/2/13), 126 So.3d 544, 551.
[29] R. Doc. 20-7, Paragraph 12: "Defendants knew or should have known that their day to day operations in the Lake Arthur Field would cause the soil, surface waters…to be contaminated with the substances described in paragraphs 7 through 11 above…."; Paragraph 17: "Defendants are also guilty of a continuing tort and a continuing trespass."
[30] R. Doc. 20-3 and 20-4.

9

> investigate any "occurrence" and settle any claim or "suit" that may result.
>
> \* \* \*
>
> B)  This insurance applies to "bodily injury" and "property damage" only if:
>
>   (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
>   (2)  The "bodily injury" or "property damage" occurs during the policy period;
>
>   (3)  The "occurrence became first known to you during the policy period and you report it to us within the policy period or 90 days after the end of the policy period.
>
> \* \* \*

Evanston argues in its Memorandum that "Coverage D applies to bodily injury or property damage within the 'pollution liability hazard,' but only if the 'occurrence' constituting the accident is first known to the insured, *and* reported within the policy period, or 90 days after the end of the policy period (emphasis added)." (R. Doc. 20-1). That being said, nowhere in "Coverage D" in the primary policies does it require all of the elements of "Coverage D," part (B) to be met, as the conjunction "and" is specifically omitted. Specifically, following elements (1) and (2), there is no "and" nor "or," both of which are included in several other series/lists within the policy, such that a reasonable person could interpret part (B) to provide coverage if only one of the elements were met. Here, both element (1) and element (2) are met because the *Van Geffen* Plaintiffs' allege that the occurrences occurred within the coverage territory and during the policy period. This ambiguity clause should defeat Evanston's Motion for Summary Judgment.

     As stated above, Louisiana law provides that if ambiguity remains after applying the general rules of contract interpretation to an insurance contract, the ambiguous contractual provision is

interpreted *against* the insurer who furnished the contract's text and in favor of the insured.[31] If the language of the exclusion is subject to two or more reasonable interpretations, the interpretation that favors coverage must be applied.[32] Moreover, under Louisiana law, an endorsement made part of a policy should be read with and harmonized with the provisions of the policy. Finally, if there is irreconcilable conflict between the endorsement and the policy, then the provisions of the endorsement prevail.[33] Therefore, because there is more than one reasonable interpretation of "Coverage D," the interpretation in favor of Riceland, which would afford coverage and require a duty to defend, must be applied, and Evanston's Motion for Summary Judgment must be denied.

        **D.**    **The Pollution Exclusions Contained in the Policies are Not Triggered for All of the *Van Geffen* Plaintiffs' Claims**

The *Van Geffen* Plaintiffs' claims include damage caused without any release, escape or the like, but merely because of operations involving purported pollutants. A duty to defend exists unless the allegations are such that **every claim** pleaded in the complaint, and otherwise falling within the insuring clause, **unambiguously** falls within an exclusion.[34] Here, Paragraph 2 of the *Van Geffen* Plaintiffs' original Petition for Damages states, "The property described above has been contaminated or otherwise damaged by defendants' oil and gas exploration and production activities." (R. Doc. 20-7). Thus, the pollution exclusions contained in the Policies are not triggered for the *Van Geffen* Plaintiffs' claims that arise out of Riceland's operations, because they only exclude coverage for "property damage" and "personal injury" arising out of <u>actual</u>, <u>alleged</u>, or <u>threatened</u> discharge, dispersal, seepage, migration, release, or escape of pollutants. Because not all of the claims unambiguously fall within the pollution

---

[31] La. C.C. art. 2056; *Succession of Fannaly*, supra; *Oxner v. Montgomery*, 34,727, 34,766 (La. App. 2d. Cir 8/1/01), 794 So.2d 86, *writ denied*, 01-2489 (La. 12/7/01), 803 So.2d 36.
[32] *Garcia vs. St. Bernard Parish School Bd.*, 576 So.2d 975 (La. 1991).
[33] *Maggio v. Manchester Ins. Co.*, 292 So.2d 255 (La. Ct. App. 4th Cit. 1974); *Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co., Ltd.*, 757 So.2d 805 (La. Ct. App. 5th Cir. 2000).
[34] *Alert Centre, Inc. v. Alarm Protection Servs., Inc.*, 967 F.2d 161, 163 (5th Cir. 1992).

exclusion contained in the policies, Evanston's Motion for Summary Judgment should be dismissed on this ground alone.

    E.    **The Oil and Gas Industries Policies Include Coverage for Underground Resources and Equipment Coverage**

Both primary policies include an Underground Resources and Equipment Coverage Endorsement (Endorsement Form No. OG300 (6/99) ERA) which expands coverage to protect Riceland from Plaintiffs' claims. (R. Doc. 20-3 and 20-4). To that end, the UREC Endorsement provides:

> **UNDERGROUND RESOURCES AND EQUIPMENT COVERAGE**
>
> The following provisions are added with respect to "property damage" within the "underground resources and equipment hazards" arising out of the operations performed by you or on your behalf and described in this endorsement:
>
> \* \* \*
>
> 3)    The following additional definitions apply:
>
> "Underground resources and equipment hazard" includes "property damage" to any of the following:
>
> (1)    Oil, gas, water, or other mineral substances which have not been reduced to physical possession above the surface of the earth or above the surface of any body of water;
>
> (2)    Any well, hold, formation, strata or area in or through which exploration for or production of any substance is carried on;
>
> (3)    Any casing, pipe, bit, tool, pump or other drilling or well servicing machinery or equipment located beneath the surface of the earth in any such well or hole or beneath the surface of any body of water.
>
> \* \* \*

Paragraph 13 of the *Van Geffen* Plaintiffs' original Petition alleges that "Defendants knew for many years that they were disposing, storing, discharging, and otherwise releasing toxic poisons and pollutants onto and into the ground, ground waters, and surface waters on or near plaintiffs' Property." (R. Doc. 20-7). Thus, because the *Van Geffen* Plaintiffs allege damage to the ground water of the property, for

which coverage is afforded under the UREC Endorsement, Evanston has both a duty to defend and indemnity Riceland from Plaintiffs' claims, and Evanston's Motion for Summary Judgment must be denied.

### F. The "Damage to Property" Exclusion Does Not Apply to Claims of Personal Injury

Evanston argues in its Memorandum that the "Damage to Property" exclusions contained in the Evanston policies exclude coverage for the *Van Geffen* Plaintiffs' claims. However, as set forth above, the *Van Geffen* Plaintiffs' claims include those of both property damage and personal injury. The "Damage to Property" exclusion does not exclude coverage under Section A for claims of personal injury, which clearly fall under the insuring agreement. Had Evanston wanted its "Damage to Property" exclusion to include "personal injury" liability coverage it could have easily done so by modifying the exclusion to state that it does not apply to "property damage" or "personal injury" arising out of property Riceland "owns, rents, or occupies" or in Riceland's "care, custody, or control." As such, Evanston owes a duty to defend and indemnify Riceland for the claims of the *Van Geffen* Plaintiffs.

### IV. CONCLUSION

For all of the foregoing reasons, Riceland respectfully submits that Evanston has not, and indeed cannot, establish that the policies unambiguously exclude coverage. On the contrary, Riceland submits that there is both coverage and a duty to defend and indemnify owed by Evanston. Accordingly, Riceland respectfully requests that Evanston's Motion for Summary Judgment be denied

**Respectfully Submitted,**

**LAW OFFICE OF STEPHEN D. BAKER**


BY: *Stephen D. Baker*
    **STEPHEN D. BAKER (#2705)**
    412 West University Ave., Suite 101
    Lafayette, Louisiana  70506
    Telephone:  337.235.8298
    Facsimile:  337.235.8307
    Email:  sdbaker10@hotmail.com

**ATTORNEY FOR RICELAND PETROLEUM COMPANY**

14